UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| WILLIAM GREGG, | ) | C/A No.: 4:15-cv-4318-DCN-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| ROBERT M. STEVENSON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

_____

Petitioner, William Gregg, (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on October 21, 2015. (Doc. #1). Presently before the Court is Petitioner's Motion to Stay (Document # 10) to hold his habeas petition in abeyance until he receives a ruling on certain issues from the state court. Respondent filed a response in opposition to the motion to stay. All pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(c).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is presently confined in the Broad River Correctional Institution of the S.C. Department of Corrections pursuant to Orders of Commitment of the Clerk of Court for Sumter County. Petitioner was indicted at the October 25, 2007, term of the Sumter County grand jury for murder, possession of a firearm during a crime of violence, and possession with intent to distribute heroin. (Attachment 1, 2007-GS-43-796.) He was represented by Christopher Hart, Esquire. (Attachment 2, Transcript, p. 1.) On July 28-30, 2008, Petitioner proceeded to a jury trial on the indictment before the Honorable F. Ferrell Cothran, Circuit Court Judge ("the trial/sentencing court"). (Attachment 2, p. 1.) At the conclusion of the trial, the jury found Petitioner guilty as charged. (Attachment 2, pp. 383-384.) On July 30, 2008, Petitioner was sentenced to confinement for thirty-five years' imprisonment for murder and a concurrent sentence of five years' imprisonment for possession of a firearm during the commission of a violent crime. (Attachment 2, pp. 390-391.)

2

**The Direct Appeal**

Petitioner did not file a timely appeal of his conviction and sentence to the S.C. Court of Appeals. Petitioner was represented in his direct appeal by Christopher Hart, Esquire. According to the Sumter County Public Index, Hart filed a Notice of Appeal and Appeal September 18, 2008, after Petitioner filed a pro se Notice of Appeal and Appeal September 9, 2008. (Attach 4, Sumter County Public Index.) In a letter to his client dated October 9, 2008, Hart informed his client the appeal was "inadvertently filed past the required 10 days," and told Petitioner he should file an application for post-conviction relief. (Attachment 5.)

**The 1st PCR Action**

Petitioner filed an application for post-conviction relief (PCR) on October 27, 2008. (2008-CP-43-02479) (Attachment 6.). In his PCR application, the Petitioner alleged he was being held in custody unlawfully for the following reasons:

1. Ineffective assistance of counsel.

    a. "Failed to investigate case."

2. "Denial of due process and fair trial."

3. "Prosecutorial misconduct."

3

(Attachment 6.). The State filed its Return on or about May 6, 2009. (Attachment 7.).

The matter was continued on numerous occasions, and in an order filed Sept. 13, 2012, John S. Keffer, Esquire, was substituted as counsel for Petitioner. (Attachment 8.) After he was appointed counsel, Petitioner filed a pro se Amendment to his 1st PCR application on or about March 22, 2013. (Attachment 9.). An evidentiary hearing into the matter was convened on December 17, 2014, at the Sumter County Courthouse before the Honorable J. Cordell Maddox, Jr., Circuit Court Judge. (Attachment 10.). Petitioner was present at the hearing and was represented by John S. Keffer, Esquire. Respondent was represented by Assistant Attorney General Daniel Gourley. At the hearing, Petitioner testified on his own behalf, and Christopher Hart, Esquire (hereinafter "Trial Counsel") testified also. The court had before it a copy of the trial transcript, the Sumter County Clerk of Court records, Applicant's South Carolina Department of Correction records, the PCR application, and return. (Attachment 10.)

In an Order filed May 18, 2015, the PCR Court denied and dismissed the PCR application with prejudice.(Attachment 10.). The Order of Dismissal was served on Petitioner through his counsel on or about May 28, 2015. (Attachment 11, Letter forwarding Order of Dismissal.).

On or about June 10, 2015, Petitioner filed a *pro se* Motion to Reconsider Order of Dismissal. (Attachment 12.) On June 26, 2015, the Office of the Attorney General forwarded a copy of Petitioner's *pro se* Motion to Reconsider to Petitioner's appointed counsel. (Attachment 13.) Because Petitioner's Motion was filed *pro se*, not submitted by counsel, his Motion was not considered. Petitioner then attempted to file a *pro se* Notice of Appeal in the South Carolina Supreme Court around August 25, 2015. (Attach 14.) On September 30, 2015, the Supreme Court issued an Order dismissing Petitioner's Notice of Appeal for failure to establish the notice was timely filed in accordance with South Carolina Appellate Court Rules 243(b) and 203(b). (Attach 15.). The Remittitur was issued October 16, 2015. (Attach 16.).

### The 2nd PCR Action

Petitioner filed a 2nd application for post-conviction relief (PCR) on or about October 14, 2015, and recorded with Sumter County on Nov. 2, 2015. (2015-CP-43-02446) (Attachment 17). Timothy Griffith, Esquire, was appointed to represent Petitioner on Dec. 1, 2015. (Attachment 18.) The State made its Return and Motion to Dismiss All Claims Beyond <u>Austin</u> Review on December 30, 2015 (Attachment 19), requesting the application be dismissed with the

exception of the review pursuant to <u>Austin v. State</u>, 305 S.C. 453, 409 S.E.2d 395 (1991). In this application, Petitioner alleged:

    1. Ineffective Assistance of PCR Counsel

        a. Failure to file an appeal

(Attachment 17.) This action is still pending in the third judicial circuit in Sumter County. Petitioner filed this federal habeas petition on October 19, 2015, days after filing his 2nd PCR application.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:   Ineffective assistance of trial counsel

Supporting Facts:   1.) Counsel's ineffective for permitting 2 instances of hearsay testimony that identified petitioner as murder assailant. 2.) Failure to file a Notice of Appeal or petition court for a Belated appeal.

GROUND TWO:   Ineffective Assistance of PCR Counsel

Supporting Facts:   Counsel failed to file 59(e) motion, counsel failed to file the Notice of Appeal.

(Petition).

## Petitioner's Motion to Stay

Petitioner filed a "Motion to Stay Proceedings Pending Exhaustion of State Remedies." (Doc. #10). Petitioner argues that his petition is a "mixed" petition and he therefore requests that the court stay this habeas action pursuant to Rhines v. Weber, 544 U.S. 169 (2005) and held in abeyance until the sate court rules on his Second PCR application. Further, Petitioner states that he does not want to dismiss any unexhausted claims, would want to raise a Martinez argument to overcome default of Ground One, and is concerned over the statute of limitations.

In Respondent's response in opposition to the motion to stay, Respondent asserts that "[i]t is unclear if Petitioner has shown he is entitled to a stay in this federal habeas action." (Doc. #11). Respondent contends that Ground One in the federal habeas petition is not preserved for review and Ground Two is not a cognizable federal claim. Respondent argues that Petitioner timely and properly filed a second PCR application, in which he contends his PCR counsel in the first application failed to file a notice of appeal of the dismissal of his first PCR application. The State of South Carolina now seeks an Austin review to determine the merits of Petitioner's second PCR application.  Respondent contends that Petitioner's time to file his federal habeas petition is tolled until the exhaustion of his State remedies for Ground Two, which is two hundred eighty-eight days.

7

In Rhines v. Weber, supra, the Supreme Court approved a "stay and abeyance" procedure that district courts can use when presented with "mixed" petitions; that is, petitions containing exhausted and unexhausted claims. Id. at 275. Under this procedure, rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. Id. Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition. Id. The Court recognized, however, that applying the "stay and abeyance" procedure could undermine Congress' design in the AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process. Id. at 277. To obtain a stay of a mixed petition, the petitioner must show "good cause" for failing to exhaust his state remedies, that his unexhausted claims are potentially meritorious, and that he has not engaged in dilatory tactics. Rhines, 544 U.S. at 278.

Petitioner has raised two grounds in his habeas petition. Ground One was not raised in the first PCR application or addressed by the PCR court in its order of dismissal. Therefore, Ground One would be procedurally barred from federal habeas review. However, Petitioner argues in his motion to stay that he has the right to show that he can overcome the default based on Martinez v. Ryan, 132 S. Ct. 1309 (2012). Ground Two raises an issue of ineffectiveness of PCR counsel in failing to file a PCR appeal. The State has requested an Austin review.

8

At this stage of the proceedings and based on the record before it, the court cannot find that the state court remedies are unavailable under the circumstances in this case. Further, it is appropriate to have that determination made by the state court in Petitioner's Second PCR. See, e.g., Staton v. McCall, C/A No. 5:12–cv–02483–GRA, 2013 WL 3551546, at *4 (D.S.C. July 11, 2013) ("Moreover, with regard to any questions about whether Petitioner is procedurally barred from proceeding in the pending state court proceedings with his claim because of his failure to raise it on direct appeal, the Court finds, as the Magistrate Judge did, that such questions are best resolved there."); see generally Terry v. Byars, C.A. No. 4:12–1798–SB–TER, 2012 WL 6102938, at *6 (Dec. 10, 2012) ("The ultimate uncertainty of the state court's disposition of the claim qualifies for good cause under Rhines." ). Accordingly, based on the information currently available, the court finds that Petitioner's claims may be potentially meritorious, and there is no indication that he is engaging in intentionally dilatory litigation tactics. Therefore, it is ordered that Petitioner's motion to stay his federal habeas petitioner is granted. The Clerk of Court shall remove Respondent's pending motion for summary judgment from the docket and statistically stay this case. Within thirty days after the decision in case number 2015-CP-43-02446 pending in the Court of Common Pleas becomes final, the Respondent shall file a motion to lift the stay and Respondent may reinstate or file an

9

amended dispositive motion based upon any actions which may have occurred in the

state court.

      IT IS SO ORDERED.


                                           s/Thomas E. Rogers, III
                                         Thomas E. Rogers, III
                                         United States Magistrate Judge

April 4, 2016
Florence, South Carolina